## In re Anonymous No. 22 D.B. 83, 29 D.B. 85, 34 D.B. 85 and 82 D.B. 85

Disciplinary Board Docket no. 22 D.B. 83, 29 D.B. 85, 34 D.B. 85 and 82 D.B. 85.

McDONALD, Jr.,*Member*, July 19, 1988 — To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the within petition for reinstatement.

## HISTORY OF PROCEEDINGS

The extensive procedural history of this matter commenced with the June 30, 1983 order of the Supreme Court suspending petitioner pursuant to the emergency temporary suspension provisions of rule 208(f), Pa.R.D.E., based upon the appearance that petitioner had mishandled client funds. Subse-

quently, a petition for discipline was filed against petitioner (22 D.B. 83). The disciplinary proceedings that followed culminated with the June 11, 1985 order of the Supreme Court suspending petitioner for a period of two and one-half years retroactive to June 30, 1983.

The two and one-half year suspension was based upon the finding that petitioner maintained two bank accounts that were often out of trust, that he commingled client funds with his personal funds, that he failed to adequately account for the funds of clients entrusted to him, and that he falsely certified that he complied with the rules of disciplinary enforcement regarding the duties of a suspended attorney. No clients suffered losses despite the nature of petitioner's conduct. The board found no moral turpitude by petitioner nor a pattern of deliberate theft.

Even before the June 11, 1985 suspension order was issued, two additional petitions for discipline were filed against petitioner (29 D.B. 85 and 34 D.B. 85). A third petition for discipline (82 D.B. 85) was filed shortly before the expiration of petitioner's term of suspension. These three petitions alleged various incidents of the practice of law by petitioner while he was suspended from the practice of law, as well as the violation of disciplinary rules, both directly and indirectly related to his unauthorized practice of law. Petitioner argued in his defense that the conduct he engaged in was not the practice of law or, in the alternative, if his conduct was the practice of law he was, nevertheless, permitted to practice in the federal court, preventing the matters from being violations of the disciplinary rules. The board concluded that petitioner acted under the mistaken belief that his conduct was not prohibited and, therefore, did not engage in a flagrant disre-

gard of the suspension order, but his mistaken beliefs did not justify his conduct. Petitioner was found to have failed to notify the "clients" and other attorneys involved that he was suspended and to have failed to submit a complete client list to the disciplinary board.

The disciplinary board recommended an additional term of suspension of 18 months, contrary to the hearing committee recommendation of disbarment. On November 10, 1985, however, the Supreme Court ruled petitioner to show cause why he should not be disbarred.

Shortly before the rule to show cause was issued, petitioner submitted a motion for recommendation of dismissal and request for a reinstatement hearing in which he argued that his suspension pursuant to rule 208(f), Pa.R.D.E. was unconstitutional and that the charges against him should be dismissed or a reinstatement hearing should be held.

Following action related to the rule to show cause, including a petition for reinstatement filed directly with the Supreme Court, the Supreme Court issued an order on March 23, 1987 suspending petitioner for a period of 18 months retroactive to January 1, 1986, the date of termination of the original period of suspension.

Petitioner's instant petition for reinstatement was filed on August 24, 1987. The matter was referred to Hearing Committee [ ]. A prehearing conference was held on November 2, 1987 and a hearing was held on November 9, 1987.

The hearing committee report was filed on March 15, 1988. The hearing committee recommended that the petition be granted despite voicing reservations regarding the attitude and character of petitioner. The hearing committee went on to find that petitioner has the requisite character to be rein-

stated, taking into consideration petitioner's strong family support, religious background, community activities, strength throughout the disciplinary proceedings, and the testimony of his awareness of and desire to obey the ethical requirements of the legal profession. The hearing committee found that petitioner had met the burden of proving by clear and convincing evidence that he has the requisite competency and moral qualities to be reinstated.

Disciplinary counsel's brief on exceptions to report of Hearing Committee [   ] was filed on April 6, 1988. Disciplinary counsel argued that petitioner currently displays character flaws and conduct that adversely reflect on his fitness to resume the practice of law. More specifically, disciplinary counsel asserted the following as reasons for counsel's position: the failure of petitioner to recognize and amend his prior wrongdoing, the relationship between petitioner's failure to promptly pay costs and his prior disregard for disciplinary rules, petitioner's misstatement in the reinstatement questionnaire and other misrepresentations, and petitioner's failure to meet his burden of proof. Disciplinary counsel concluded that the disciplinary board should recommend denial of the petition for reinstatement.

Petitioner's brief opposing the exceptions of disciplinary counsel was filed on April 18, 1988. Petitioner argued that disciplinary counsel's brief mistated the facts and the law. In response to the specific arguments of disciplinary counsel, petitioner first argued that he had not failed to recognize and amend his wrongdoing because no restitution was due any client. Secondly, petitioner argued that he paid costs in a manner acceptable to the board because the board acknowledged his payments and took no action regarding the payments before the payments were paid. Thirdly,

petitioner argued that his failure to list two unenforceable judgments on his reinstatement questionnaire and his use of attorney letterhead and checks were minor mistakes and did not adversely reflect on his fitness to practice law. Finally, petitioner argued that he had met his burden of proof and that he should be reinstated.

The matter was referred to the board and was adjudicated at the May 16, 1988 meeting of the board.

## FINDINGS OF FACT

(1) Petitioner, [   ], was born in 1947 and admitted to practice law in the Commonwealth of Pennsylvania in 1973.

(2) Petitioner was suspended from the practice of law by an order of the Supreme Court issued June 30, 1983 pursuant to the emergency temporary suspension provisions of rule 208(f), Pa.R.D.E.

(3) On June 11, 1985, petitioner was suspended from the practice of law for a period of two and one-half years retroactive June 30, 1983.

(4) Petitioner's two and one-half year suspension was based upon the following findings:

(a) Petitioner violated the instructions of a client relating to a check that was to be used to pay the propety taxes of the client.

(b) Petitioner's escrow accounts at two separate banks were often out of trust.

(c) Petitioner deposited both personal funds and client funds in his attorney accounts.

(d) Petitioner's bookkeeping methods were inaccurate and inadequate.

(e) Petitioner filed a late statement of compliance with the secretary of the board that contained false statements.

(f) Petitioner failed to include a client, who he represented immediately before his suspension, in his list of clients submitted to the board.

(5) Petitioner was suspended for an additional term of 18 months retroactive to January 1, 1986.

(6) The second suspension order was based upon the following findings of fact:

(a) Petitioner handled debt collection matters on behalf of [A] Employees Federal Credit Union during the period of his suspension.

(b) Petitioner assisted the owner of [B] in preparing and filing pleadings during the period of his suspension.

(c) Petitioner corresponded with attorneys on behalf of a Mr. and Mrs. [C] regarding settlement of a judgment against the [Cs]. Petitioner was suspended at the time he engaged in this matter.

(d) The board found that petitioner's conduct in the [B] and [C] matters amounted to an implied representation to other attorneys that he was entitled to practice law.

(e) Petitioner assisted [D] in an appeal of a motor vehicle conviction and drafted a will for [D] during the period of his suspension.

(7) Petitioner submitted a petition for reinstatement and reinstatement questionnaire. These were filed on August 24, 1987.

(8) At the time petitioner submitted his reinstatement documents he had not satisfied the obligation to pay the costs of the prior disciplinary proceedings, as ordered by the Supreme Court.

(9) At the time that petitioner filed his reinstatement documents he had not taken measures to correct the results of his conduct in the [A] and [D] matters.

(10) Petitioner stated in his reinstatement questionnaire that there were no unsatisfied judgments

against him, but there were two unenforceable judgments that petitioner failed to list on the questionnaire.

(11) Petitioner failed to list gifts of cash from relatives as income on his reinstatement questionnaire.

(12) A reinstatement hearing was held on November 9, 1987 before Hearing Committee [   ].

(13) At the time of the hearing, petitioner had paid the costs of the prior disciplinary proceedings and had taken steps to make any necessary corrections regarding the [A] matter.

(14) At the hearing, petitioner promised to contact [D] to resolve that matter.

(15) At the hearing, petitioner presented the testimony of three character witnesses who testified regrading petitioner's good reputation in the community.

(16) Petitioner has completed seven courses from the Pennsylvania Bar Institute and attended a seminar on trial evidence.

(17) Hearing Committee [   ] submitted its report in which it was recommended that petitioner be reinstated. The hearing committee found that petitioner had met his burden of proof.

## DISCUSSION

The petitioner in a reinstatement proceeding bears the burden of proof provided by rule 218(c)(3)(i), Pa.R.D.E. Petitioner must demonstrate by clear and convincing evidence that petitioner has the moral qualifications, competency and learning in law required for admission to practice law. The petitioner also must show that his or her resumption of the practice of law would not have a detrimental effect

on the standing of the bar or the administration of justice and would not be subversive of the public interest.

On the issue of petitioner's [ ] competency and learning in the law, the hearing committee concluded that petitioner met the burden placed upon him. The board agrees with this finding. Petitioner has taken the courses required for reinstatement. Petitioner's competency and legal knowledge were not brought into question in any of the disciplinary proceedings in which he was involved. Finally, petitioner's competency and legal knowledge were not raised by disciplinary counsel as arguments against petitioner's reinstatement.

The issue of petitioner's moral character is not so easily resolved. The hearing committee concluded that petitioner met his burden regarding his moral character despite the fact that the committee had more of a problem with this issue and found petitioner almost arrogant when discussing his previous errors. When presented with these same facts, however, the board does not reach the same conclusion as that reached by the hearing committee. The board is not convinced that petitioner has the requisite character to resume the practice of law.

As properly stated by the hearing committee and disciplinary counsel, a suspended attorney is not entitled to automatic reinstatement upon expiration of his term of suspension; he must do more than just "serve his time." The burden of demonstrating fitness to practice law is placed upon the suspended attorney. Rule 218(c)(3)(i) Pa.R.D.E.

A review of the record of this matter reveals evidence that weighs against petitioner's fitness to resume the practice of law. Petitioner's conduct

indicates an apparent lack of remorse or contrition for his acts. Petitioner filed his petition for reinstatement and the reinstatement questionnaire at a time when he had made no efforts to correct the results of the [A] and [D] matters that arose from his practice of law during his initial term of suspension. At the time of the reinstatement hearing, petitioner had taken measures to resolve the [A] issue and promised to do the same regarding the [D] issue. These actions by petitioner, however, do not negate the fact that no action was taken prior to the prompting by disciplinary counsel at the prehearing conference. In a situation such as this a suspended attorney should at least notify the clients and third parties involved that the attorney was suspended, assure that the client turns the matter over to another attorney, and refund any fee received.

Petitioner's reasons for failing to cure the [A] and [D] matters are also without merit. Petitioner argues that because the board found he acted under a good faith belief that he could practice and because the board failed to order any curative action, he was relieved of any duty to amend the results of his actions. The board concluded that petitioner's justification for his conduct was without merit despite his good faith beliefs and recommended the additional term of suspension to provide "an adequate opportunity to correct his past mistakes. ... " Report and recommendations of the disciplinary board, nos. 29 D.B. 85, 34 D.B. 85 and 82 D.B. 14.

The record indicates petitioner's continuing disregard for the disciplinary rules. Petitioner entered into the reinstatement process without satisfying the costs assessed against him in the prior disciplinary proceedings. Again, petitioner took curative action only after the issue was raised by disciplinary

counsel. Petitioner's excuse of financial difficulty may have had merit if it had been raised in response to the letters sent to petitioner by the secretary of the board regarding the assessed costs. But petitioner's entire disregard of the issue of costs is not excused by his financial difficulty. Furthermore, the fact that the board accepted the eventual payment of costs "without further ado" does not excuse petitioner's failure to comply with the rules regarding the payment of costs and his failure to at least communicate with the board regarding the costs.

Petitioner's appearance of arrogance is further evidence of his disregard for the disciplinary rules. This appearance of arrogance indicates a lack of remorse for his transgressions as well.

In the brief on exceptions, disciplinary counsel argues that petitioner made misrepresentations in his reinstatement questionnaire regarding two unsatisfied judgments and his income, as well as misrepresentations of his status by his use of his attorney stationery and checks during his suspension. The board places no weight on the contention regarding the failure to list the judgments because the judgments had been paid but not satisfied of record. The board does, however, place slight weight on petitioner's misrepresentation of his status as an attorney through the use of his office stationery and the use of checks indicating that he is an attorney.

When petitioner's recent showing of lack of remorse and disregard for the disciplinary rules is compared to his past misconduct, it appears that petitioner has not been effectively rehabilitated. It was petitioner's lack of respect for the disciplinary rules that brought on the initial disciplinary proceedings against petitioner. Petitioner's misuse of

escrow accounts showed a disregard for the rules relating to clients' funds. Even though no clients suffered a loss, the potential for harm to clients' interests was present.

The second term of suspension imposed upon petitioner was the result of his continuing disregard for disciplinary rules and disregard for the interests of clients. Similarly, petitioner's disregard for the rules relating to costs, his failure to take corrective measures in the [A] and [D] matters prior to the reinstatement proceedings and his appearance of arrogance shows a continuing disregard for the disciplinary rules and the interests of clients.

Even though petitioner's conduct does not rise to a level warranting additional disciplinary action, his conduct is sufficient to show that he has not met his burden of proof for reinstatement. Therefore, the recommended result here is not that discipline be imposed without additional disciplinary proceedings, but rather that the petition for reinstatement be denied for failure to meet the requisite burden of showing fitness to resume the practice of law.

The distinction between reinstatement following suspension and reinstatement following disbarment should also be considered here. A suspended attorney may be reinstated "upon a demonstration of his or her fitness to practice." *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 578, 506 A.2d 872, 875 (1986). The disbarred attorney, on the other hand, is not automatically entitled to reinstatement upon a showing of current fitness to resume the practice of law. An inquiry must be made, in such instances, "whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect. . . . " *Id.* at 579, 506 A.2d at

875. Footnote five of the *Keller* opinion indicates that this retrospective inquiry would be improper in a suspension situation because the initial suspension order establishes the period of time necessary to satisfy the breach of trust.

In the instant matter, the inquiry into petitioner's past conduct was not made for the purpose of determining whether petitioner has been suspended for an amount of time sufficient to satisfy his prior misconduct. Petitioner's past conduct was considered for the purpose of gauging his present conduct to determine whether he has been rehabilitated and, therefore, fit to resume the practice of law.

Petitioner has continued to exhibit a disregard for the rules and for the interests of clients, indicating that he has not been effectively rehabilitated and creating the feeling that he does not appreciate the seriousness of the disciplinary system.

## RECOMMENDATION

For the foregoing reasons, the board recommends that the petition for reinstatement of [petitioner] be denied. The board further recommends that, pursuant to rule 218(e), Pa.R.D.E. petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

## ORDER

And now, this September 8, 1988, upon consideration of the report and recommendations of the disciplinary board dated July 19, 1988, the petition for reinstatement is denied.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is

directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.